UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JENNIFER FORD

VERSUS

STATE FARM FIRE AND
CASUALTY COMPANY

CIVIL ACTION

NO. 17-1767-JWD-RLB

### RULING

Before the Court is plaintiff Jennifer Ford's ("Plaintiff" or "Ford") renewed[1] Motion in Limine. (Doc. 40.) It is opposed by defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). (Doc. 42, incorporating its previous opposition, Doc. 27.) The Court has carefully reviewed the motion and associated memoranda, and, for the following reasons, the motion is granted in part, denied in part, and deferred in part.

I.   BACKGROUND

This suit arises from a house fire which occurred on December 24, 2016 to a rental property located at 219 Leboeuf St. in New Orleans, La. The property was being rented by Plaintiff. State Farm issued a policy of renter's insurance to Plaintiff which provided contents coverage. State Farm denied the claim "on the bases that the fire was intentionally set, and that the plaintiff made material misrepresentations concerning the claim." (Doc. 27 at 1.) Plaintiff denies both asserted bases for State Farm's denial of the claim. (Doc. 40-1 at 1; Doc. 27 at 1.)

---

[1] Plaintiff's original Motion in Limine (Doc. 24) was dismissed without prejudice for failure of Plaintiff to follow this Court's rule requiring the parties to confer in good faith and attempt to resolve any pretrial issues before filing a motion in limine. *See* Instructions for Filing Motions in Limine, Judge John W. deGravelles' homepage at the M.D. La. website,
http://www.lamd.uscourts.gov/sites/default/files/forms/Instructions%20Regarding%20Motions%20in%20Limine.pdf

1

## II.  DISCUSSION

The matter is set for trial on October 19, 2020. Plaintiff files this motion seeking to exclude State Farm from offering at trial certain testimony and other evidence. The Court notes that, in many instances, Plaintiff gives no meaningful explanation of the evidence she seeks to exclude or why it should be excluded, and no legal authority supporting. With one exception (the deposition of Jennifer Ford),[2] copies of the exhibits themselves are not attached to the motion. Needless to say, this makes the Court's job much harder and, in some cases, impossible. It is not the obligation of the Court to search the record to identify the evidence a party seeks to exclude, even if the evidence is in the record. As one judge eloquently put it: "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

The items which Ford seeks to exclude are listed below along with, where it is provided, a summary of the reasons she requests exclusion. Defendant responds generally that the items Plaintiff seeks to exclude are highly relevant and necessary to carry its burden of proving its affirmative defenses of arson and material misrepresentation. Defendant also provides specific reasons each part of the motion should be denied.

1. <u>Testimony or other evidence that suggests that Plaintiff lied</u>. (Doc. 40-1 at 3.)

Plaintiff claims these should be excluded because "[n]one of these purported lies were proven and, thus, coverage should have been afforded." (*Id.*) These include evidence that a) Plaintiff lied about seeing the eviction notice; b) Plaintiff lied about her dog Toby being with Mrs. Ford after the fire; c) that she lied about the condition and amount of her personal property that was damaged; d) that she lied about her income from her boyfriends; e) lied about her

---

[2] The Court notes that the deposition was attached to Plaintiff's first Motion in Limine (Doc. 24), which was dismissed without prejudice. (Doc. 34.) It was not attached to this motion, but the Court has reviewed its relevant part for purposes of this motion.

2

marriage to William Jones; f) lied about where William Jones lived; g) lied about when William Jones was at her house; h) lied about the kind of chicken she was cooking; i) lied about the pan she used to cook the chicken; j) "and any other attempt to manufacture a reason not to pay under the policy." (Doc. 40-1 at 3.)

**Ruling:** This part of Plaintiff's motion is denied. The only (and extraordinary) reason that Plaintiff gives for the exclusion of the evidence is that "none of these purported lies were proven." That is not a ground for exclusion of evidence in advance of the trial; indeed, it is the purpose of the trial to let the jury determine the facts of this case and specifically in this case, whether Plaintiff committed arson and/or made material misrepresentations, or otherwise lied about matters germane to the issues in the case.

2. <u>Evidence of Ford's prior bankruptcy found at p. 162 of State Farm's investigation file</u>. (Doc. 40-1 at 3.)

Plaintiff offers no reason why this should be excluded. Plaintiff does not provide p. 162 or state precisely what evidence related to her bankruptcy is contained therein.

**Ruling:** This part of Plaintiff's motion is denied. Plaintiff's financial condition is relevant to the issue of whether Plaintiff had motive and an incentive both to commit arson and make the claims which Defendant argues were fraudulent. As this Court has previously stated:

> Motive "can include dire financial straits . . . and the desire to make money[.]" *La. Real Estate Appraisal Serv. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, Civ. A. No. 84-6129, 1987 WL 15955, [at] *4 (E.D. La. Aug. 14, 1987); *see Sumrall [v. Providence Washington Insurance Co.*], [221 La. 633,] 60 So. 2d 68, 70 [1952] ("Considering that plaintiff was in dire financial circumstances and that he alone ... would benefit by the fire, there can be no doubt that defendant has established that he had a motive for destroying the property.").
> State Farm offers ample evidence that the plaintiff had a financial motive to set the fire and collect insurance proceeds. Specifically, State Farm states that the plaintiff was unemployed at the time of the fire, both he and his wife were on fixed Social Security disability benefits, the plaintiff admitted to having money trouble and to mismanaging his money prior to the fire,

3

> the plaintiff and his wife were behind on paying medical bills in 2014, and the plaintiff was denied credit for a truck. Additionally, at the time of the fire, the plaintiff was in default on a loan secured by the property at issue. Only seventeen days prior to the accident, the Small Business Administration sent a letter to the plaintiff stating that the loan was in default due to a failure to make monthly payments and that the entire balance of the loan ($72,770.69) was due.

*Krantz v. State Farm Fire & Cas. Co.*, No. CV 15-56-JJB-RLB, 2015 WL 7568657, at *6 (M.D. La. Nov. 24, 2015) (internal record citations omitted)

However, the Court does wish to note that, as will be evident from this ruling, there is a lot of evidence on the issue of financial motive that the Court finds relevant and admissible. All of the rulings I'm giving today on this and other issues will not take into account the question of whether the evidence, at a certain point, becomes cumulative. I will consider any objection on that issue for this and the other issues in this ruling at trial.

3. <u>Certain testimony of Patricia Jones</u>. (Doc. 40-1 at 3.)

Plaintiff argues this should be excluded because "[t]he level of contempt shown by Patricia Jones in continuing to provide information to Defendant in an attempt to defeat the claims of Ms. Ford shows that a reasonable person should have known that Patricia Jones is simply a very disgruntled family member who is interfering intentionally with untrue or misleading statements to State Farm." (*Id.*)

**Ruling:** This part of Plaintiff's motion is denied. Whether or not Ms. Jones is a disgruntled family member who was giving untrue and misleading statements is for the jury to decide. The mere allegation that the information is untrue, and misleading, is not a ground for pretrial exclusion.

4. <u>Certain testimony of Deneen Gammons</u>. (Doc. 40-1 at 3-4.)

Plaintiff argues this should be excluded because the witness was not identified by Defendant in discovery and because "[t]his is again the relation of Ms. Ford who continues to provide information with Patricia Jones to allow Defendant to manufacture a reason not to pay on the policy." (*Id.*)

**Ruling:** With respect to the first reason given, i.e. that Ms. Gammons's name was not provided in discovery, the Court is unable to rule because no additional information was provided (e.g. when was she identified as a potential witness? Did Plaintiff have the opportunity to depose her? Has Plaintiff suffered any prejudice from Defendant's failure?) Further, Defendant did not address this discovery issue either. (Doc. 27 at 7.) Therefore, the Court will defer ruling on this until the morning of trial. Plaintiff is instructed to re-urge this argument and provide more detail about Defendant's failure outside the presence of the jury at the time the evidence is offered.

The Court rejects the second reason offered by Plaintiff, i.e. that the testimony should be excluded because it "allow[s] Defendant to manufacture a reason not to pay on the policy." This is not a ground for excluding otherwise admissible evidence.

5. <u>"The Court should exclude anything to do with fish, rat, baby's breath on Mother's house, [and] any evidence of disability payments made to Ms. Ford about [sic] SSI or SSD."</u> (Doc. 40-1 at 4.)

No reason is given by Plaintiff for exclusion and, for that matter, what these items pertain to. In addition, no legal authority is provided. Despite the total absence of information provided by Plaintiff, Defendant provides a photograph and more background information about this evidence claiming it "is relevant to show a potential fraudulent motive and efforts to interfere with State Farm's investigation of the claim." (Doc. 27 at 9.)

**Ruling**: While the Court understands Defendant's rationale for wanting to introduce it, the Court is not convinced on the record now before it that there is sufficient foundation connecting this evidence to Plaintiff so as to allow the Court to rule on this evidence at this time. For the Court, this is a Fed. R. Evid. 403 issue: weighing the probative value against the prejudicial effect. The Court will defer ruling on this until trial. Defendant is instructed to advise the Court and opposing counsel outside the presence of the jury before it begins to lay the foundation for the introduction of this evidence. The Court will hear that foundational testimony outside the presence of the jury and then rule on the objection at that time.

6. "[A]nything to do with Section eight housing." (Doc. 40-1 at 4.)

No reason is given by Plaintiff for exclusion and, for that matter, what these items pertain to. In addition, no legal authority is provided. However, again, Defendant supplies information regarding this evidence, i.e. because entitlement to Section 8 housing is need based, it is relevant to show Plaintiff's financial condition which, in turn, is relevant to show incentive to commit arson and make material misrepresentations in order to collect insurance proceeds. (Doc. 27 at 9-10.)

**Ruling:** The Court could deny Plaintiff's motion on the ground that Plaintiff has totally failed to support it with facts, argument or supporting authority. However, the Court denies it based on the relevance of this evidence to motive and intent. *Krantz v. State Farm Fire & Cas. Co.*, No. CV 15-56-JJB-RLB, 2015 WL 7568657, at *6 (M.D. La. Nov. 24, 2015) This part of Plaintiff's motion is denied.

7. "[A]nything to do with Thomas Jones regarding his claims of fire damage in relation to the house fire claims at p. 153." (Doc. 40-1 at 4.)

No reason is given by Plaintiff for exclusion and, for that matter, no information is given as to what this pertains to. Page 153 is not attached. In addition, no legal authority is provided.

6

**Ruling:** This part of Plaintiff's motion is denied on the ground that Plaintiff has totally failed to support it with facts or even attaching the page she wants excluded. Nor has she provided argument or supporting authority.

8. "[A]nything to do with the dog Toby invoice [sic] from February. There was no evidence that Ms. Ford was not truthful." (Doc. 40-1 at 4.)

No reason is given by Plaintiff for exclusion and, for that matter, what these items pertain to. In addition, no legal authority is provided. Despite Plaintiff's lack of explanation, Defendant explains that this evidence contradicts a claim made by Plaintiff on the State Farm policy for boarding expenses for her dog Toby. (Doc. 27 at 10-11.)

**Ruling:** Plaintiff's motion on this evidence is denied inasmuch as it pertains directly to a claim made by Plaintiff on the Policy.

9. Page 46 of the deposition of Jennifer Ford (D-4) regarding "section eight housing documentation" and "the income of Mr. Jones [and] who she married [in] April 2015." (Doc. 40-1 at 4-5.)

The reason given by Plaintiff for exclusion seems to be it will confuse the jury but that, in any event, Ms. Ford can explain this evidence. (*Id*.)

**Ruling:** As explained elsewhere, evidence on the Section Eight housing is relevant to the issue of Plaintiff's financial need and motive. The Court denies this part of Plaintiff's motion. The issue of Plaintiff's marriage to Mr. Jones is less clear. Since it is Plaintiff's burden in this motion, the part of the motion dealing with Plaintiff's marriage is denied without prejudice and Plaintiff may re-urge her objection at the time the evidence is sought to be introduced.

10. D-6: Photographs of the fire scene by MASA fire investigator Christian Mulkey. (Doc. 40-1 at 5.)

Plaintiff claims that the photos were taken after the fire investigation was concluded and, in some cases, the photos were "staged." Plaintiff argues they are therefore irrelevant. (*Id*.)

7

**Ruling:** These photographs are clearly relevant and the fact that the stove was disassembled for inspection and photographing does not suggest that the photos are unreliable or "staged." Obviously, the expert can be cross examined on what the photographs show and the circumstances under which they were taken. This part of Plaintiff's motion is denied.

11. <u>D-9: NOPD report by Patricia Jones regarding "package"</u>. (Doc. 40-1 at 5.)

No explanation is given as to what the package contains. Plaintiff argues that it is irrelevant and inadmissible character or bad acts evidence. (*Id.*) Again, Plaintiff gives the Court absolutely nothing upon which to make a ruling. She does not attach the NOPD report nor does she tell the Court what is in it except that she objects to reference to a "package." There is no explanation of what the "package" is or contains. The Court feels compelled to say that this is unacceptable. By way of Defendant's response, (Doc. 27 at 11), the Court learns that the objected to report concerns the fish, rat in the trap, etc.

**Ruling:** If this evidence does deal with the fish, etc., then the Court's prior ruling on this issue is the same as above:  While the Court understands Defendant's rationale for wanting to introduce it, the Court is not convinced on the record now before it that there is sufficient foundation connecting this evidence to Plaintiff to allow the Court to rule on the motion at this time. For the Court, this is a Fed. R. Evid. 403 issue: weighing the probative value against the prejudicial effect. The Court will defer ruling on this until trial. Defendant is instructed to advise the Court and opposing counsel outside the presence of the jury before he begins to lay the foundation for the introduction of this evidence, and the Court will hear that foundational testimony outside the presence of the jury and then rule on the objection at that time.

12. <u>D-10: Photos of "fish, rat and rose from Patricia Jones."</u> (Doc. 40-1 at 6.)

    Plaintiff argues this should be excluded based on lack of relevance. (*Id*.)

    **Ruling:** The ruling on this item is the same as that immediately above.

13. <u>D-11: Photos of Plaintiff's wedding</u>. (Doc. 40-1 at 6.)

    Plaintiff argues this should be excluded based on lack of relevance because "there is no evidence that Mr. Jones lived with Ms. Ford at the time of the fire." (*Id*.) No further explanation is given.

    **Ruling:** As stated above, based on information provided by Defendant, the relevance of Plaintiff's marriage to Mr. Jones is alluded by Defendant but is not clear. Since it is Plaintiff's burden in this motion, the part of the motion dealing with Plaintiff's marriage is denied without prejudice and Plaintiff may re-urge her objection at the time the evidence is sought to be introduced. While Defendant says that her testimony regarding her marriage is clearly false and contradicted by this and other evidence, the Court wants to hear more about the connection of this evidence to the issues in the case in order to determine if the impeachment evidence is too collateral to be used at trial.

14. <u>D-12: Photo by State Farm investigator Wilcox of vehicle of William Thomas Jones.</u> (Doc. 40-1 at 6) (which Plaintiff suggests was involved in a fire (*Id*.)).

    Plaintiff argues that it is irrelevant, evidence of other bad acts and highly prejudicial because there is no evidence that Jones lived with Ford at the time of the fire. (*Id*.) Defendant contends it shows that Plaintiff made a material misrepresentation to State Farm when she declared that she did not know Jones' whereabouts and statements about her relationship (or lack thereof) with Jones. (Doc. 27 at 12.) It is unclear to the Court whether this photo is separate from that showing a vehicle fire about which Defendant claims to know nothing. (*Id*.)

9

**Ruling:** The Court does not have sufficient information from either party to rule. This part of Plaintiff's motion is denied without prejudice and deferred to trial. With respect to photos showing a vehicle fire of Jones' vehicle, Defendant shall notify the Court and counsel before it attempts to introduce these photos (if there are such photos) so that the matter can be taken up outside the presence of the jury. In their argument to the Court, the parties should be prepared to address the test for the application of Fed. R. Evid. 404(b) set out in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

15. D-13 – News article concerning NOPD investigation homicide of Carol Lombard. (Doc. 40-1 at 6.)

No further explanation given by Plaintiff. Plaintiff argues irrelevant, hearsay, other bad acts and highly prejudicial. Defendant explains the reason it believes it is not hearsay and is relevant. (Doc. 27 at 13.)

**Ruling:** The Court considers it unlikely that this will be allowed into evidence but does not have enough information to rule in advance of trial. If there is some relevance, the Court considers this to be a Fed. R. Evid. 403 issue and will defer until trial. Defendant shall notify the Court and counsel before it attempts to introduce this evidence so that the matter can be taken up outside the presence of the jury.

16. D-14 – "Any text messages from William Thomas Jones because they are irrelevant and cannot be confirmed as Mr. Jones is deceased." (Doc. 40-1 at 6.)

**Ruling**: The Court has considered Defendant's explanation for its use of these text messages and again finds that that there are insufficient facts and context upon which to make a decision. This item is deferred until trial.

17. D-15: the vet invoice from Patricia Jones. Plaintiff argues this is irrelevant and gives a brief but incomprehensible explanation of why it is irrelevant. (Doc. 40-1 at 6.)

**Ruling:** This part of the motion is denied. These bills are relevant to the issue of false claims and material misrepresentation. (Doc. 27 at 13-14.)

18. D-18: Photo of dog Toby. (Doc. 40-1 at 7.)

Plaintiff argues that it is irrelevant but provides a brief and incomprehensible explanation of why. (*Id*.)

**Ruling**: This part of the motion is denied. The photo is relevant to the issue of false claims and material misrepresentation. (Doc. 27 at 13-14.)

19. D-19: Dog boarding receipts submitted by Plaintiff with associated emails. (Doc. 40-1 at 7.)

Plaintiff argues that this is legally irrelevant because of La. R.S. 22:1314(A). (*Id*.)

**Ruling:** This part of the motion is denied. The receipts are relevant to the issue of false claims and material misrepresentation. (Doc. 27 at 13-14.)

20. D-20: "[A] vet post card from Patricia Jones." (Doc 40-1 at 7- 8.)

Plaintiff argues that the post card "does not prove that Ms. Ford did not board her dog with Ms. Griffin and thus, there is no reason to allow the confusion of the jury with this information." (*Id*.)

**Ruling**: This part of the motion is denied. The receipts are relevant to the issue of false claims and material misrepresentation. (Doc. 27 at 13-14.)

21. D-22 and D-23: Phone records from Sprint and T-Mobile. (Doc. 40-1 at 8.)

Plaintiff objects on relevance grounds. Plaintiff speculates about the reason Defendant wants to introduce these records but argues, in any event, they are irrelevant. (*Id*.) Defendant

11

argues Plaintiff's objection is premature inasmuch as these may, or may not, be used for impeachment depending on the Plaintiff's testimony at trial. (Doc. 27 at 16-17.)

**Ruling**: The Court agrees with Defendant and therefore defers until trial.

22. D-24: Records from CRDN. (Doc. 40-1 at 8-9.)

Plaintiff fails to give the Court any description of the nature or contents of these records but argues that they fail to show that Ford had the intent to deceive. (*Id*.) Defendant implies that CRDN is a company that restored Plaintiff's textile items at trial and questions why Plaintiff is objecting since this exhibit presumably would be used to support Plaintiff's damages claim. (Doc. 27 at 14-15.)

**Ruling**: Neither Plaintiff nor Defendant has given the Court enough information upon which to rule and therefore this part of Plaintiff's motion is denied without prejudice to her right to re-urge at trial.

23. D-25: "Records from ERS of South La." (Doc. 40-1 at 9.)

Again, Plaintiff fails to give the Court any description of the nature or contents of these records but argues they are irrelevant and should be excluded on the basis of La. R.S. 22:1315. (*Id*.) Defendant explains that this is a company that restored Plaintiff's electrical items following the fire and questions why Plaintiff is objecting since this exhibit presumably would be used to support Plaintiff's damages. (Doc. 27 at 16.)

**Ruling**: Neither Plaintiff nor Defendant has given the Court enough information upon which to rule and therefore this part of Plaintiff's motion is denied without prejudice to her right to re-urge at trial.

24. <u>D-26: Records from Southwest Airlines</u>. (Doc 40-1 at 9.)

Plaintiff fails to explain what these records are but objects arguing "[t]here is nothing to be learned from this record except that Mr. Jones, who was according to the records of the investigation of Ms. Ford[,] was abusive, was on the plane with Ms. Ford." (*Id*.) Plaintiff concedes that Defendant will argue that these records show that Ford was lying when she testified "about Mr. Jones being on the plane." (*Id*.) Defendant argues that these exhibits show that Plaintiff was on the same plane Jones and her daughter. (Doc. 27 at 16.)

**Ruling**: Neither Plaintiff nor Defendant has given the Court enough information upon which to rule and therefore this part of Plaintiff's motion is denied without prejudice to her right to re-urge at trial.

25. <u>D-27: "Records from Alamo."</u> (Doc. 40-1 at 9.)

Plaintiff argues these records (no description given as to what they are) should be excluded for the same reason as given in connection with D-26. (*Id*.) Defendant states merely that these records are "concerning Plaintiff's travel at the time of the fire." (Doc. 27 at 16.)

**Ruling**: Neither Plaintiff nor Defendant has given the Court enough information upon which to rule and therefore this part of Plaintiff's motion is denied without prejudice to her right to re-urge at trial.

26. <u>D-28: Records from YMCA.</u> (Doc. 40-1 at 9.)

These are work records from YMCA where Ford worked as a personal trainer. Plaintiff argues they are irrelevant, and that State Farm intends to use them to "show Ms. Ford is a liar," although Ford doesn't say how. (*Id*.)

13

**Ruling:** Neither Plaintiff nor Defendant has given the Court enough information upon which to rule and therefore, this part of Plaintiff's motion is denied without prejudice to her right to re-urge at trial.

27. <u>D-29: Records from the Housing Authority from New Orleans.</u> (Doc. 40-1 at 9-10.)

Plaintiff argues that Defendant cannot show that Mr. Jones lived in the house with Ms. Ford and thus, the records are irrelevant. No further explanation is given. Defendant argues that these records "contain information regarding plaintiff's income and assets and will be introduced to establish a financial motive for the fire as well as evidence of the plaintiff's material misrepresentation." (Doc. 27 at 17.)

**Ruling:** This part of Plaintiff's motion is denied. *Krantz v. State Farm Fire & Cas. Co.*, No. CV 15-56-JJB-RLB, 2015 WL 7568657, at *6 (M.D. La. Nov. 24, 2015)

28. <u>D-32: Records of Service Master.</u> (Doc. 40-1 at 10.)

No explanation is given by Plaintiff as to the nature of the records, and Plaintiff states the only reason they are being offered is to show that Ford is a liar. Defendant claims these are "records from Service Master regarding fire remediation services performed after the fire." (Doc. 27 at 14, n. 4.)

**Ruling**: These appear to be relevant and therefore Plaintiff's motion in this regard is denied.

29. <u>D-33: Records of Esurance concerning prior vehicle fire or other acts which Plaintiff objects to as irrelevant and other bad acts evidence.</u> (Doc. 40-1 at 10.)

Defendant argues that prior to the subject house fire, "plaintiff's personal vehicle was destroyed in a fire loss on or about July 26, 2015 for which she made a claim with her automobile insurer, Esurance." (Doc. 27 at 17.) Defendant maintains that this is "evidence of a

14

similar prior act involving similar circumstances" and is relevant and admissible under Fed. R. Evid. 404(b). (*Id.*)

**Ruling:** The Court has insufficient facts upon which to rule. Defendant is directed to bring the matter to the attention of Court and counsel outside the presence of the jury so that the argument can be received then. In their argument to the Court, the parties should be prepared to address the test for the application of Fed. R. Evid. 404(b) set out in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

30. D-34, 35, 36, 37, 38, 43 and 51: (Doc. 40-1 at 10-11.)

Financial and banking records of Plaintiff. Plaintiff claims these are being introduced to show "Ms. Ford had some financial difficulty but cannot show that it is relevant to the fire." (*Id.*) Thus, plaintiff claims these are irrelevant. (*Id.*) Defendant argues that these records "concern plaintiff's financial condition prior to and at the time of the fire and are relevant factors which the jury may consider when determining motive." (Doc. 27 at 18 citing *Kelly v. Commercial Union Ins. Co.*, 709 F.2d 973, 975-76 (5th Cir. 1983); *Fontenot v. Hanover Ins. Co.*, 473 So.2d 145 (La. App. 3d Cir. 1985).)

**Ruling**: The Court agrees with Defendant. This part of Plaintiff's motion is denied.

31. D-44: Photos taken by State Farm investigator Wilcox "at CRDN". (Doc. 40-1 at 11.)

Plaintiff provides no explanation of the photos or "CDRN." Plaintiff objects based on relevance. (*Id.*) Defendant explains that Wilcox, a State Farm investigator, took these photos of Plaintiff's clothing and textiles involved in the subject fire which photos were taken at CRDN, "a company hired by plaintiff to clean" the items. (Doc. 27 at 18.)

**Ruling:** The photos appear relevant to Plaintiff's claim and State Farm's defense. This part of Plaintiff's motion is denied.

32. <u>D-45: Photos of "fire scene with dog" with "associated email." "The dog was at Mr. Griffin's for boarding."</u> (Doc. 40-1 at 11.)

No explanation given by Plaintiff. Plaintiff objects based on relevance and hearsay grounds. (*Id*.) Despite Plaintiff's lack of explanation, Defendant explains that this evidence contradicts a claim made by Plaintiff on the State Farm policy for boarding expenses for her dog, Toby. (Doc. 27 at 10-11.)

**Ruling:** Plaintiff's motion is denied as to the photos since they appear relevant and the photos are not subject to the hearsay exception. The Court denies without prejudice that part of the motion dealing with emails since the emails are not attached and insufficient information is given to allow the Court to rule.

33. <u>D-50: Vehicle report concerning vehicle of William Thomas Jones.</u> (Doc. 40-1 at 11.)

No explanation is given. This exhibit, according to Plaintiff "infers [sic] Mr. Jones intentionally set his car on fire." (*Id*.) Plaintiff objects on hearsay and relevance grounds. (*Id*.) Defendant argues that this record shows "Mr. Jones to be the owner of the truck seen parked outside plaintiff's place at a time when she was claiming she did not know his whereabouts" and is "relevant to the issue of material misrepresentation…" (Doc. 27 at 19.)

**Ruling:** The Court does not have sufficient information to rule and is deferred to trial. Defendant will bring this to the attention of Court and counsel when it intends to introduce this information so that the matter can be taken up outside the presence of the jury.

34. <u>D-52: Certificate of Marriage:</u> (Doc. 40-1 at 11.)

Plaintiff gives a confusing and incomprehensible explanation of the purpose of this exhibit and reason Defendant intends to introduce. Plaintiff claims it is irrelevant. (*Id*.)

**Ruling:** The Court does not have sufficient information to rule and is deferred to trial. Defendant will bring this to the attention of Court and counsel when it intends to introduce this information so that the matter can be taken up outside the presence of the jury.

35. <u>Eviction notice (no exhibit number given).</u> (Doc 40-1 at 12.)

Plaintiff claims it is irrelevant and that "no eviction proceeding ever took place to finality," and there is no evidence that Plaintiff was aware that the eviction notice had been placed on the door. (*Id*.) Therefore the "information related to this purported lie in unsubstantiated." (*Id*.) Defendant points the Court to Plaintiff's sworn deposition testimony where she testified that she saw the eviction notice. (Doc. 27 at 19-20.)

**Ruling**: This part of Plaintiff's motion is denied. It concerns the Court that Plaintiff would represent in briefing that there is no proof that she ever saw the eviction notice when Plaintiff's testimony in her sworn deposition says the opposite. (See Doc. 24-3 at p. 105.)

The Court wishes to note that there was a lot of evidence on the issue of financial motive that the Court finds relevant and admissible. All of the rulings I'm giving today on this and other issues will not take into account the question of whether the evidence, at a certain point, becomes cumulative. I will take up any objection on that issue for this and the other issues in this ruling at trial.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Motion in Limine (Doc. 40) filed by Plaintiff Jennifer Ford is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**, as stated herein.

Signed in Baton Rouge, Louisiana, on September 16, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**